United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Safeco Insurance Company of America, Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 17-62032-Civ-Scola |
| Andrew Weissman and others, Defendants. | ) ) ) | |

### **Order Denying Motion for Default Judgment**

This matter is before the Court on the Plaintiff's Motion for Default Judgment as to Barron Development Corporation (ECF No. 19). On December 7, 2017, the Clerk entered default against Barron Development Corporation (ECF No. 13). On December 8, 2017, the Court entered an Order on Default Judgment Procedures, directing the Plaintiff to either file a motion for default judgment in the event that there is no possibility of inconsistent liability between Defendants, or a notice of joint liability if there is a possibility of inconsistent liability (ECF No. 17). On December 14, 2017, the Plaintiff filed a motion for default judgment, asserting that there are no allegations of joint and several liability in this case. (Mot. at 3.) Defendant Andrew Weissman opposes the motion, arguing that a default judgment against Barron Development Corporation will create a risk of inconsistent liability. (Resp., ECF No. 20).

The Complaint seeks a declaratory judgment that the Plaintiff does not have to defend Weissman in a state court lawsuit brought by James Barron and Barron Development Corporation. It is unclear to the Court how it could enter judgment against Barron Development Corporation without creating a risk of inconsistent liability. Any declaratory judgment entered against Barron Development Corporation would necessarily affect Weissman since the only insurance policy at issue is the Plaintiff's policy with Weissman, and the sole relief sought is a declaration that the Plaintiff does not have to defend or indemnify Weissman in the underlying lawsuit. Indeed, courts have recognized that the risk of inconsistent liability is of particular concern in cases involving the declaration of obligations under an insurance agreement. *See, e.g., Zurich American Ins. Co. v. Ednic Trading Corp.*, No. 13-62229, 2014 WL 869216, at *2 (S.D. Fla. Mar. 5, 2014) (Rosenbaum, J.) (denying motion for default judgment in case seeking declaratory relief concerning obligations under an insurance policy as it pertained to state-court lawsuit where the case remained pending as to one defendant); *Global Aerospace, Inc. v. Platinum Jet Mgmt., LLC*, No. 09-60756, 2009 WL 3400519, at *5 (S.D. Fla. Oct. 20, 2009) (Cohn, J.) ("courts routinely withhold

default judgments declaring that an insurance policy is inapplicable until the claims against the defendants who appear in the action are adjudicated").

The Plaintiff argues that it only seeks a default judgment in order to "prevent Barron Development Corporation . . . from later challenging this Court's holding." (Reply at 4, ECF No. 23.) However, the Clerk has entered default against Barron Development Corporation, and Barron Development Corporation would have to demonstrate good cause in order to set aside the default. Fed. R. Civ. P. 55(c).

Accordingly, the Court **denies without prejudice** the Plaintiff's motion for default judgment (**ECF No. 19**). As set forth in the Court's Order on Default Judgment Procedure (ECF No. 17), the Plaintiff may move for the entry of default judgment against Barron Development Corporation after liability has been resolved as to the non-defaulting Defendants.

**Done and ordered** in chambers, at Miami, Florida, on January 4, 2018.

_____
Robert N. Scola, Jr.
United States District Judge