United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Safeco Insurance Company of America, Plaintiff, | ) ) ) ) |
| v. | ) Civil Action No. 17-62032-Civ-Scola ) |
| Andrew Weissman and others, Defendants. | ) ) ) |

**Order on Motion to Dismiss**

Plaintiff Safeco Insurance Company of America ("Safeco") seeks a declaratory judgment that it has no duty to defend or indemnify the Defendants in a lawsuit filed in state court. (Compl., ECF No. 1.) Defendant Andrew Weissman has moved to dismiss the Complaint, arguing that the case is not ripe for the Court's review. (Mot., ECF No. 22). For the reasons set forth below, the Court **denies** the motion (**ECF No. 22**).

1. **Legal Standard**

Upon a request for a declaratory judgment, a federal court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). A declaratory judgment is not an advisory opinion. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126 (2007). Rather, a declaratory judgment resolves an actual case or controversy, as contemplated in Article III of the United States Constitution. *Id.* A plaintiff has standing to bring a claim if the following three elements are met: (1) the plaintiff has suffered an injury in fact; (2) there is a causal connection between the injury and the conduct complained of; and (3) it is likely that the injury will be redressed by a favorable decision. *Lujan v. Def.'s of Wildlife*, 504 U.S. 555, 560 (1992) (citations omitted). An injury in fact is "an invasion of a legally protected interest which is (1) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (internal quotations and citations omitted). With respect to declaratory actions, "the proper test of when an action for declaratory judgment presents a justiciable controversy is 'whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'"

*Arkema, Inc. v. Honeywell, Int'l, Inc.*, No. 2012-1308, 2013 WL 425576, at *4 (Fed. Cir. Feb. 5, 2013) (quoting *MedImmune*, 549 U.S. at 127).

Although Weissman brings his motion under Federal Rule of Civil Procedure 12(b)(6), the Court will construe his motion as being brought under Rule 12(b)(1) since he is asking the Court to find that the Complaint does not present a justiciable controversy.

**2. Analysis**

Weissman argues that the Plaintiff essentially seeks an advisory opinion that it has no duty to indemnify Weissman because the underlying state court case is still pending and liability has not yet been determined. However, Safeco notes that, in addition to seeking a declaratory judgment that it has no duty to indemnify Weissman, it also seeks a declaratory judgment that it has no duty to defend Weissmsan in the underlying suit. In *Atain Specialty Ins. Co. v. Kenneth Russell Roof Contracting, LLC*, No. 16-23627, 2017 WL 2363013 (S.D. Fla. May 30, 2017) (Scola, J.), this Court held that where a plaintiff seeks a declaratory judgment both that it does not have a duty to defend and does not have a duty to indemnify, a court may appropriately exercise jurisdiction over the duty-to-defend claim prior to the resolution of the underlying case. Thus, the Court declined to dismiss the case, but held that consideration of the duty-to-indemnify issue was not appropriate "until the earlier of (a) final disposition of the underlying state-court action; or (b) a ruling on the duty to defend, at which time the Court will entertain any motion that the parties may wish to file concerning the duty-to-indemnify claim." *Id.* at *2.

Weissman's motion to dismiss only addresses the duty-to-indemnify claim, yet argues that the Complaint should be dismissed in its entirety. Despite the fact that Safeco's response notes that it also seeks a declaration that it does not have a duty to defend and cites to *Atain*, Weissman's reply continues to assert that dismissal of the Complaint in its entirety is warranted because Safeco has "acknowledged that the issue of duty to indemnify is not ripe." (Reply 1, ECF No. 27.) The only mention of the duty-to-defend issue in the reply is an assertion that the Complaint "improperly lumps together the issues of duty to defend and duty to indemnify subjecting each count to dismissal." (*Id.* at 3.) However, Weissman cites to no authority that mandates that the two issues must be brought in separate counts.

Safeco's duty-to-defend claim presents a justiciable controversy, and provides appropriate grounds for the Court to exercise its jurisdiction under 28 U.S.C. § 2201(a). However, as in *Atain*, the Court will not consider the duty-to-indemnify issue until the earlier of (a) final disposition of the underlying state-court action; or (b) a ruling on the duty to defend, at which time the Court will

entertain any motion that the parties may wish to file concerning the duty to indemnify claims.

### 3. Conclusion

Accordingly, the Court **denies** the Defendants' motion to dismiss (**ECF No. 22**).

**Done and ordered** in chambers, at Miami, Florida, on February 8, 2018.

_____
Robert N. Scola, Jr.
United States District Judge