UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SAFECO INSURANCE COMPANY
OF AMERICA,

  Plaintiff,

vs.                                                             Case No.:  17-cv-62032-RNS

ANDREW WEISSMAN and
JAMES BARRON and BARRON
DEVELOPMENT CORPORATION,

  Defendants.
_____/

## DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Defendant, Andrew Weissman ("Weissman"), moves this Court for entry of an order compelling production of documents from Plaintiff, Safeco Insurance Company of America's ("Safeco"), responsive to Weissman's First Requests for Production of Documents ("Weissman's RFP"):

**A.** *Background.* On March 19, 2018, Weissman served Safeco with Weissman's RFP. Safeco's deadline to respond and produce responsive documents to Weissman's RFP was April 18, 2018.[1] On April 18, 2018, Safeco only served Weissman with "Plaintiff's Objections to Defendant, Andrew Weissman's First Request for Production" ("Safeco's Objections") (**Exhibit "A"**) in which Safeco objected to nearly all of Weissman's RFP, however, Safeco did not serve Weissman with any documents or a privilege log. On the next day, April 19, 2018, Safeco attempted to serve Weissman with "Plaintiff's Responses to Defendant, Andrew Weissman's First Requests for Production" ("Safeco's Responses") (**Exhibit "B"**); a privilege log (**Exhibit "C"**); and Safeco's production of documents.[2] Safeco's Responses and production of documents were woefully deficient. Pursuant to this Court's Order (ECF No. 6), on May 15, 2018 Weissman's counsel conferred via telephone with Safeco's counsel regarding Safeco's deficient privilege log, responses, and objections to Weissman's RFP. On May 17, 2018, Safeco served "Plaintiff's Amended Responses to Defendant, Andrew Weissman's First Request for Production" (Safeco's Amended Responses") (**Exhibit "E"**) and an amended privilege log (**Exhibit "F"**) but did not produce any further documents.

---

[1] Pursuant to Local Rule 26.1(g)(1), the parties stipulated that Weissman shall have through and including May 25, 2018 to file and serve this Motion. Stipulation attached as **Exhibit "D"**.
[2] The link that Safeco shared for the foregoing documents was defective, and on April 20, 2018, Safeco sent another link to the foregoing documents.

**B.** *Waiver of Objections to RFP 2-5, 7-10, 12, 13, 16, 20, 36, 37.* Although labeled as "Responses", Safeco's Responses and Amended Responses also include objections to Weissman's RFP. This is significant because Safeco's Responses and Amended Responses were not timely served and include objections to Weissman's RFP that were not originally included in Safeco's Objections. Under Local Rule 26.1(e)(2)(A), Safeco's untimely objections raised in Safeco's Responses and Amended Responses were waived. *See Blake v. Batmasian*, No. 15-CV-81222, 2016 WL 1594188, at *1 (S.D. Fla. Apr. 15, 2016). **Exhibit "G"** compares Safeco's Objections with Safeco's Responses and shows the additional, untimely objections Safeco included in its Responses. **Exhibit "H"** compares Safeco's Responses with Safeco's Amended Responses and shows the additional, untimely objections Safeco included in its Amended Responses. Thus, these untimely objections should be deemed waived.

**C.** *Relevancy and discoverability objections.* *Interpretive Materials, Drafting History and Communications with Trade Associations/Regulators – RFP 2-5, 8-11, 19, 20.*[3] The discovery sought in the foregoing RFPs is highly relevant and discoverable. *Liberty Ins. Corp. v. Altegrity State Farm Mut. Auto. Ins. Co.*, No. 11-CV-80322-Scola/Hopkins, 2012 WL 12850202, at *2 (S.D. Fla. Apr. 13, 2012) (insurance case where Judge Scola was the presiding judge) (citing *Viking Yacht Co. v. Affiliated FM Ins. Co.*, 2008 WL 8715540, *2 (S.D. Fla. Feb. 7, 2008) and *Young v. Liberty Mutual Ins. Co.*, 1999 WL 301688 (D. Conn. 1999)).[4] In another case where Judge Scola was the presiding judge, the court allowed discovery concerning "drafting history," "similar prior lawsuits," organizational information, and "interpretive materials." *ABCO Premium Fin., LLC v. Am. Int'l Grp., Inc.*, No. 11-23020-CIV-SCOLA/BANDSTRA, 2012 WL 13013233, at *2 (S.D. Fla. May 9, 2012).[5] Courts in other jurisdictions also have ordered production of similar discovery, even when there was an open question regarding ambiguity. *See, e.g.*, *Mariner's Cove Site B Assocs. v. Travelers Indem. Co.*, No. 04 Civ. 1913 (KMW)(RLE), 2005 WL 1075400, at *1 (S.D.N.Y. May 2, 2005).[6]

---

[3] A lot of the relevant issues in this Motion to Compel have been addressed in Defendant's Motion to Defer Consideration of or Deny, without Prejudice, Plaintiff's Motion for Summary Judgment (ECF No. 41) and related Reply (ECF No. 45), which is currently pending before this Court.

[4] *See Indus. Indem. Ins. Co. v. Crown Auto Dealerships, Inc.*, 935 F.2d 240, 243 n.3 (11th Cir. 1991).

[5] *See also MapleWood Partners, L.P. v. Indian Harbor Ins. Co.*, No. 08-23343-CIV, 2014 WL 5791562 (S.D. Fla. Nov. 6, 2014); *Viking Yacht*, 2008 WL 8715540; *Del Monte Fresh Produce B.V. v. Ace American Ins. Co.*, 2002 WL 34702176 (S.D. Fla. Sept. 4, 2002) (R&R adopted, 2002 WL 34702175 (S.D. Fla. Sept. 23, 2002)); *Young*, 1999 WL 301688; *Nestle Foods Corp. v. Aetna Casualty and Surety Company*, 135 F.R.D. 101 (D.N.J. 1990); and *S. Ins. Co. of Virginia v. Travelers Indem. Co.*, No. 4:16-CV-00860-SGC, 2017 WL 7736190 (N.D. Ala. Jan. 26, 2017).

[6] *See also Mach. Movers, Riggers & Mach. Erectors Local 136 Defined Contribution Pension Plan v. Fidelity & Deposit Co. of Mary*, No. 06 C 2439, 2007 WL 3120029, at *2-3 (N.D. Ill. Oct. 19, 2007);

*Underwriting Manuals/Guidelines, Claim File and Underwriting File – RFP 6, 7, 14, 15.* The discovery sought in the foregoing RFPs is highly relevant and discoverable. *Altegrity*, 2012 WL 12850202 at *2-3. "Since the instant case is a diversity action in federal court, however, federal law controls the scope of discovery and Florida law is not binding." *Mizner Grand Condo. Ass'n, Inc. v. Travelers Prop. Cas. Co. of Am.*, No. 09-82280-CIV, 2010 WL 11506039, at *3 (S.D. Fla. Oct. 12, 2010). "In contrast to the Florida cases Travelers has cited, federal courts have repeatedly held that there is no distinct privilege or principle that provides blanket protection over an insurer's claim files." *Id*. at *4 (compiling cases).[7]

*Other Claims and Policyholders – RFP 16.* The discovery sought in the foregoing RFP is highly relevant and discoverable. "How [the insurer] treats other policyholders with like issues is manifestly relevant to the interpretation placed on the policy language." *Viking Yacht Co.*, 2008 WL 8715540 at *2; *see also ABCO*, 2012 WL 13013233 at *2.[8]

*Communications and Documents exchanged with Reinsurers – RFP 15, 23*. The discovery sought in the foregoing RFPs is highly relevant and discoverable. *See Altegrity*, 2012 WL 12850202 at *2.[9]

*Organizational Information – RFP 36, 37*. The discovery sought in the foregoing RFPs, is highly relevant and discoverable. *See ABCO*, 2012 WL 13013233 at *2.

*All Documents relating to Weissman and the Underlying Claims – RFP 12, 13, 18*. The discovery sought in the foregoing RFPs is highly relevant and discoverable. Despite Safeco's arguments regarding claim files and interpretative materials, such discovery is highly relevant as explained above. *Reserve Information, Marketing/Promotion and Document Retention – RFP 17, 21, 26*. The discovery sought in the foregoing RFPs is highly relevant and discoverable.

**D.** ***Vague, Overly Broad, Unduly Burdensome, Not Proportional to Needs of the Case, Trade Secrets - RFP 2-11, 14, 16, 21, 23, 26, 36, 37.*** Safeco's boilerplate objections to the foregoing RFPs violate this Court's Order (ECF No. 6) and Local Rule 26.1(g)(3)(A). Safeco did not attempt to obtain clarification prior to objecting on the basis of vagueness. The foregoing RFPs use clear language and are not vague, not overly broad, not unduly burdensome, and are proportional to the needs of this case. Safeco also failed to provide any affidavits or other documents to support its blanket assertions that the foregoing

---

*Williston Basin Interstate Pipeline Co. v. Factory Mut. Ins. Co.*, 270 F.R.D. 456, 465-66 (D.N.D. 2010); *Cincinnati Ins. Co. v. Clark*, No. 91- 0820, 1992 WL 34128, at *1 (E.D. Pa. Feb. 19, 1992).
[7] *See also Banta Properties, Inc. v. Arch Specialty Ins. Co.*, No. 10-61485-CIV, 2011 WL 13096151, at *3 (S.D. Fla. Sept. 15, 2011).
[8] Safeco relied upon *ABCO* and *Viking* in support of its objections. Safeco's Objections at 17.
[9] *See also Viking Yacht Co.*, 2008 WL 8715540 at *2 (citing *Young*, 1999 WL 301688 ("To facilitate a full understanding of the meaning of an insurance policy's terms, many courts have allowed discovery of the drafting history and interpretations of standard form CGL policy language, **reinsurance information**, and other insured's claims.") (emphasis added)).

3

requests are unduly burdensome and/or not proportional to needs of the case. *Sream, Inc. v. Hassan Hakim & Sarwar, Inc.*, No. 16-CV-81600, 2017 WL 878704, at *2 (S.D. Fla. Mar. 6, 2017). Likewise, Safeco's blanket assertion of the trade secret doctrine is just unsupported, boilerplate language.

E.  **Objections Based Upon Scope – RFP 4-11, 16, 21, 36, 37.** The foregoing RFPs are not unlimited in scope; rather, they seek documents regarding various relevant issues such as: interpretive materials, drafting history, and underwriting manuals and guidelines regarding the relevant exclusions.

F.  **Formulaic Objections Followed by an Answer – RFP 1, 2, 3, 8, 9, 10, 12, 13, 14, 15, 18, 19, 20.** Safeco improperly recites formulaic objections followed by an answer to the foregoing requests in violation of this Court's Order (ECF No. 6) and Local Rule 26.1(g)(3)(A).

G.  **Privilege Log & Waiver of Attorney Client/Work Product.** Safeco objected to the definition of "Safeco," claiming that Safeco is not required to produce documents in the possession of persons or entities who are not parties to the lawsuit, "including members or affiliated entities of Liberty Mutual Insurance Company." Safeco's Response at 2. Despite designating Liberty Mutual Insurance Company ("Liberty") as a non-party, in its privilege logs, Safeco repeatedly claims work product and attorney client privilege for documents and communications with Liberty. On May 15, 2018, Weissman's counsel raised the issue of waiver with Safeco's counsel and indicated that Safeco is improperly claiming that Liberty is a separate non-party, refusing to produce documents on that basis, and simultaneously claiming work-product and attorney client privilege for communications and documents exchanged with Liberty. In response, Safeco amended its objection above in an unsuccessful attempt to avoid this conundrum. *See* Safeco's Amended Response at 2.[10] Safeco's amended objection and documents are limited to "documents pertaining to Weissman and/or the Underlying Claim at issue in this litigation." *Id*. It appears Safeco failed to search for responsive documents and is withholding documents based upon its claim that Liberty is a non-party. Safeco should not be able to use its claim that Liberty is a non-party as a basis to withhold documents based upon privilege and work product and simultaneously use that as a basis to not search for and withhold responsive documents. If Liberty is a separate, non-party, Safeco's communications and documents exchanged with Liberty should not be protected by the attorney client, work product privilege, or any other protection such as trade secrets.

Also, Safeco's amended privilege log is still deficient and based upon the limited descriptions it is not entirely possible to determine what documents are truly privileged or protected by work product or

---

[10] On May 22, 2018, Safeco filed an untimely Corporate Disclosure Statement more than seven months after the Complaint was filed (ECF No. 52). F.R.C.P 7.1(b)(1). The timing of this filing is also suspicious as it was filed shortly after Safeco was made aware of this pending waiver issue and appears to be an attempt by Safeco to avoid this waiver issue.

4

some other protection. Safeco also labeled Angela Luse's "Company" as "Safeco Insurance Company of America," yet her e-mail address is a Liberty Mutual e-mail address. Amended Privilege Log, pg. 12. In the documents produced by Safeco, Ms. Luse also uses a Liberty Mutual e-mail address. This is significant because Ms. Luse appears in the description for many documents listed on the amended privilege log.[11] For example, Safeco asserts work product for the following entries where Angela Luse is listed in the description: 1, 2, 4, 6-9, 13, 14, 16-18, 21, 25, 27-30, 34, 37, 38, 43, 46-53, 55, 57, 59, 61, 62, 72, 73, 75-77, 123, 126, 132, 142, and 146. If Ms. Luse is an employee of Liberty, it is not clear how Safeco can claim that the work product doctrine applies to those documents. Even if Ms. Luse is an employee of Safeco, it is not clear how the work product doctrine applies to those documents. Likewise, Safeco claims work product and/or trade secret/proprietary for the following entries where Liberty employees are listed in the description: 38, 40, 44, 45, 54, 55, 58, 69, 70, 148. It is not clear how Safeco can claim that these protections apply to those documents. Entry 63 claims attorney client privilege for a document where the only attorney listed is Chris Norris (Safeco lists him as an attorney for Liberty, not Safeco). Likewise, entries 140 and 141 involve communications between Liberty and Safeco, and Safeco claims work product/attorney client, however, it is not clear how these protections apply. There are various entries that claim work product where the only people listed in the description are Safeco employees/non-attorneys, such as: 64, 68, 78, 79, 87, 90, 119, 124, 125, 128, 129, 133, 134, and 137-139. It is also not clear why entry 114 is trade secret/proprietary in nature. There are additional entries where the descriptions contain both Liberty and Safeco employees, some of which appear to be attorneys, and Safeco claims work product, attorney client and/or trade secret/proprietary, such as: 120, 122, 135, 149. Also, for entries 151 and 153 Safeco claims work product, yet these e-mails appear to have been exchanged with Liberty employees. Thus, it is unclear how these foregoing protections apply.[12] Accordingly, Weissman requests that the Court conduct an in-camera inspection of the foregoing documents to determine whether the various protections asserted by Safeco apply.

WHEREFORE, Weissman requests that this Court enter an order granting this Motion, overruling Safeco's objections, compelling the immediate production of requested documents, and awarding any other relief which this Court deems just and proper.

---

[11] Safeco did not number the individual entries in its amended privilege log, thus, for the Court's ease of reference, Weissman has added line numbers to Safeco's amended privilege log. See **Exhibit "I"**.

[12] Also, there are various entries that do not provide any information regarding the recipient, sender, or author of the document being withheld, such as entries: 3, 5, 39, 60, 71, 74, 80, 81, 98, 130, 131, 136. For the entries, that do not include information regarding the recipient, sender, or author, it is not clear how the work product privilege and other protections are applicable to these entries.

## CERTIFICATION OF CONFERRAL WITH COUNSEL

Defendant, Andrew Weissman, certifies that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

Dated: May 25, 2018.            Respectfully submitted,

/s/ Andrew M. Shapiro
Andrew M. Shapiro (FBN 100015)
*ams@shapiropa.com*
*maggie@shapiropa.com*
**SHAPIRO P.A.**
19 W. Flagler Street, Suite #516
Miami, FL 33130
Tel: (305) 329-4197

*Counsel for Defendant, Andrew Weissman*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by Court's CM/ECF System on May 25, 2018 upon all counsel or parties of record on the Service List below.

/s/ Andrew M. Shapiro
Andrew M. Shapiro

**SERVICE LIST**

| | |
|---|---|
| Kimberly N. Ramey, Esq.<br>*kramey@butler.legal*<br>Jessica R. Stillwell, esq.<br>*jstillwell@butler.legal*<br>BUTLER WEIHMULLER KATZ CRAIG<br>400 N. Ashley Drive, Suite 2300<br>Tampa, FL 33602<br>Telephone: (813) 281-1900<br>Facsimile: (813) 281-0900<br><br>*Counsel for Plaintiff, Safeco Insurance Company of America* | Barron Development Corporation<br>2890 Marina Mile Blvd., Ste. 115<br>Ft. Lauderdale, FL 33312<br>c/o Registered Agent:<br>The Soto Law Group<br>2400 East Commercial Blvd.<br>Coastal Tower Building, Ste. 400<br>Ft. Lauderdale, FL 33308<br>(*service via U.S. mail*)<br><br>*Defendant*<br><br>James Barron<br>12000 N.W. 6th St.<br>Plantation, FL 33325<br>AND<br>2890 Marina Mile Blvd., Ste. 115 Fort Lauderdale, FL 33312<br>(*service via U.S. mail*)<br><br>*Defendant* |