# Exhibit "E"

Plaintiff's Amended Responses to
Defendant's First Request For Production
*[dated May 17, 2018]*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

CASE NO.:  0:17-cv-62032

SAFECO INSURANCE COMPANY OF AMERICA,

Plaintiff,

v.

ANDREW WEISSMAN and JAMES BARRON
and BARRON DEVELOPMENT
CORPORATION,

Defendants.
_____/

## PLAINTIFF'S AMENDED RESPONSES TO DEFENDANT, ANDREW WEISSMAN'S FIRST REQUEST FOR PRODUCTION

COMES NOW, the Plaintiff, SAFECO INSURANCE COMPANY OF AMERICA, by and through its undersigned counsel, and serves its Amended Responses to Defendant, ANDREW WEISSMAN's First Request for Production, certificate of service date March 19, 2018, as follows:

## DEFINITIONS AND INSTRUCTIONS

1.      "Complaint" means the Complaint for Declaratory Relief captioned *Safeco Insurance Company of America v. Andrew Weissman and James Barron and Barron Development Corporation*, No. 17-cv-62032-RNS in the United States District Court for the Southern District of Florida, without limitation, any amendments or supplements.

2.      "Plaintiff," "Safeco," "You," or "Your" means Safeco Insurance Company of America and all of the subsidiaries, divisions, and predecessor companies of *the* foregoing insurer, and its respective officers, directors, shareholders, employees, and

agents, as well as any person or entity who was any of the above and/or has acted or purported to act on its behalf or in concert with any of them. "Plaintiff," "Safeco," "You," or "Your" shall also include any entity or person acting, or who as acted or purported to act, in whole or in part on your behalf, including members or affiliated entities of Liberty Mutual Insurance Company pursuant to pooling, service or intercompany resource sharing agreements.

**OBJECTION:**

Safeco objects to this definition to the extent that it requires production of materials that are not maintained by or on behalf of Safeco, including any materials related to policies underwritten by any insurer other than Safeco.  Without waiving this objection, Safeco is a subsidiary of Liberty Mutual Insurance Company.  Liberty Mutual Insurance Company provides its insurance subsidiaries and affiliates with office space, supplies, equipment, telephone and wire services, the use of computers and similar machines and services of personnel employed by Liberty Mutual.  The services provided include, but are not limited to, claims handling.  Accordingly, Safeco does not object to producing discoverable, responsive and non-privileged/non-protected materials pertaining to Weissman and/or the Underlying Claim at issue in this lawsuit that are maintained by Liberty Mutual Insurance Company on behalf of Safeco.  Any responsive documents pertaining to Weissman and/or the Underlying Claim at issue in this litigation that are maintained by Safeco, or on behalf of Safeco by Liberty Mutual Insurance Company, have either been produced or identified on Plaintiff's Amended Privilege Log.

3.     "Defendant" or "Weissman" means Andrew Weissman and his agents, and any entity or person acting, or who has acted or purported to act, in whole or in part on his behalf.

4.     Communication" or "Communications" mean any oral or written exchange by words or thoughts or ideas to another person, whether person-to-person, in a group, in a meeting, by telephone, by letter, by e-mail, by facsimile, or by any other process, electronic or otherwise, including without limitation any tape recordings or any writings, printed, typed, handwritten or other readable

correspondence, facsimiles, memos, reports, contracts, diaries, logbooks, minutes, notes, studies, surveys and forecasts, including any electronically-stored information.

5.     "Document" or "Documents" shall have the broadest possible meaning permitted by the Federal Rules of Civil Procedure, and shall include without limitation the originals (or true copies) and all non-identical copies (whether different from originals by reason of notations made on such copies or otherwise) of all writings; recordings; papers; brochures; circulars; advertisements; letters; memoranda; minutes; notes or records of meetings; reports; comments; affidavits; statements; summaries; messages; worksheets; notes; correspondence; surveys; interviews; diaries; calendars; appointment books; registers; travel records; tables; calculations; books of account; budgets; bookkeeping or accounting records; telephone records; stenographic notes; financial data; receipts; financial statements; annual reports; accountants' work papers; analyses; forecasts; statistical or other projections; newspaper articles; press releases; publications; tabulations; graphs; charts; maps; telegrams; books; agreements; opinions or reports of experts; records or transcripts of conversations, discussions, conferences, meetings, or interviews, whether in person or by telephone or by any other means; stored information from computers or other information retrieval or storage systems, databases, or media (including printouts of such information); magnetic tapes; belts and discs; electronic mail; electronic or digitized material; microfilm; microfiche; photographs; sound reproductions; all drafts and preliminary copies of any of the foregoing; and all other forms or types of written or printed matter or tangible things on which any words, phrases, or numbers are affixed, however

produced or reproduced and wherever located, including all duplicates of any of the foregoing which are in Your possession, custody, or control.

6.      "Underlying Claim" or "Underlying Claims" means the lawsuit filed in the Circuit Court of the Eleventh Judicial Circuit of the State of Florida, in and for Miami-Dade County, under the caption: James Barron and Barron Development Corp. v. Andrew Weissman, Case No: 2017-011802-CA-01 without limitation, any amendments or supplements, and the claims identified in paragraphs 8, 10, and 11 in the Complaint.

7.      "Person" or "Persons" mean, without limiting the generality of its meaning, any natural person, group of natural persons (such as a committee or board of directors), corporation, partnership, company, sole proprietorship, unincorporated association, joint venture, and any other incorporated or unincorporated business, governmental, or public entity.

8.      "Insurance Policy" or "Insurance Policies" mean all personal umbrella insurance policies or other personal liability insurance policies that were sold or issued at any time by an insurance company or other entity selling or providing insurance; and also mean and include all binders, riders, endorsements, addenda, certificates of insurance, or other Documents of any kind related to such Insurance Policy or Insurance Policies. "Insurance Policy" or "Insurance Policies" also mean and include any Document that shows a renewal of any such insurance coverage.

9.      "Weissman Policy" or "Policy" means Safeco policy number UF2460579 issued to Weissman, effective from June 14, 2016 to June 14, 2017, including all binders, riders, endorsements, addenda, and certificates of insurance.

4

10.    "Knowing Violation Exclusion" means the exclusion in Safeco policy number UF2460579 issued to Weissman, effective from June 14, 2016 to June 14, 2017 that reads, in part:

> This policy does not apply to any:
>
> 2.    **personal injury**:
>
> a.    caused by or at the direction of an **insured** with the knowledge that the act would violate the rights of another and would inflict **personal injury**;

11.    "Knowledge of Falsity Exclusion" means the exclusion in Safeco policy number UF2460579 issued to Weissman, effective from June 14, 2016 to June 14, 2017 that reads, in part:

> This policy does not apply to any:
>
> 2.    **personal injury**:
>
> b.    arising out of oral or written publication of material, if done by or at the direction of an **insured** with the knowledge of its falsity;

12.    "Relating to," "relate(s) to," "related to," "pertaining to," "pertain(s) to," "reflect(s)" or "reflecting" mean relates to, refers to, containing, constitutes, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts, contradicts, concerning, arising out of, involving, consisting of, referring to, supporting, prepared in connection with, used in preparation for, commenting upon, embodying, summarizing, describing, recording, mentioning, or being in any way legally, logically, or factually connected with or pertaining to, in whole or in part, the matter discussed.

13.    Unless otherwise specified, each request to produce a Document shall be considered a request for the production of the original Document, provided they are in

the possession, custody, or control of the party to whom these requests are addressed.

Each Document shall be produced in its entirety, without redaction or correction, except

as to privileged information.

## **OBJECTION:**

Safeco objects to this definition to the extent that it requires production of original
documents or materials.  Rule 34(b) permits the responding party to product copies of
documents or electronically stored information in lieu of permitting inspection of
originals.

14.    In answering these requests, furnish all information from whatever source

is available to You, Your officers, employees, agents, and/or representatives, including

information in the possession of Your attorneys, investigators, and others acting on

Your behalf, or under Your direction or control. Also include such information as You

may have or can obtain from any parent, subsidiary, franchisee, or affiliated company

and their officers, employees, agents, or representatives.

## **OBJECTION:**

Safeco objects to this instruction as beyond the scope of Fed. R. Civ. P. 34(a)(1)(A)
and (B) to the extent that it calls for a narrative response and requires Safeco to
provide "information." Rule 34 only contemplates the production of documents and
electronically stored information or tangible things, and does not require the responding
party to provide additional information.   Safeco also objects to this instruction to the
extent that it requires production of materials or information in the possession of non-
parties.  Rule 34 does not require a party to produce documents in the possession of
persons or entities who are not parties to the lawsuit including parent companies,
subsidiaries, franchisees, or affiliated companies.  On its face, this instruction seeks
information that is protected by the attorney-client privilege and work product doctrine
including but not limited to information exchanged between Safeco by its attorneys
regarding these requests for production.

15.    In answering these requests, identify the source of the information given

therein, including all Persons and Documents that are the source of information, all

Persons who possess responsive information, and all Documents containing, referring, or relating to responsive information.

**OBJECTION:**

Safeco objects to this instruction as beyond the scope of Fed. R. Civ. P. 34(a)(1)(A) and (B) to the extent that it calls for a narrative response and requires Safeco to provide "information." Rule 34 only contemplates the production of documents and electronically stored information or tangible things, and does not require the responding party to provide additional information.

16.     The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to bring within the scope of the specification all Documents which might otherwise be construed outside its scope. "Each" shall be construed to convey the word "every" and "every" shall be construed to include the word "each." "Any" shall be construed to include the word "all," and "all" shall be construed to include the word "any." "Including" shall be construed to include the phrase "without limitation."

17.     The singular shall include the plural and vice versa, whenever necessary to bring with the scope of the request all Documents which might otherwise be construed to be outside the scope.

18.     The masculine shall include the feminine and the neuter, and the neuter includes both the masculine and the feminine.

19.     The use of a verb in any tense shall be construed as the use of the verb in all tenses, whenever necessary to bring within the scope of the specification all Documents which might otherwise be construed to be outside its scope.

20.     Where a Document is requested, the request includes Documents in Your possession, custody, or control or in the possession, custody, or control of Your present or former employees, directors, officers, attorneys, representatives, agents, and other

Persons under Your control who are reasonably likely to have Documents responsive to the request.

**OBJECTION:**

Safeco objects to this instruction to the extent that it requires production of materials or information in the possession of non-parties. Rule 34 does not require a party to produce documents in the possession of persons or entities who are not parties to the lawsuit and/or documents that are no longer within the party's possession or control, such as documents that may be in the possession of former employees, directors, officers, attorneys, representatives, or agents.

21. If You contend that any Document or any portion of any Document otherwise responsive to a request is protected from discovery on the grounds of privilege or otherwise:

a.  Identify the Document;

b.  Identify the Person or Persons authoring the Document, and all Persons receiving the information contained in the Document;

c.  specify the type of privilege or other reason asserted for withholding the requested Document;

d.  specify the legal and factual basis for the assertion; and

e.  describe the withheld Document to a degree sufficient to enable the court to decide if such claim has been properly invoked.

22. If any Document responsive to a request is known to exist or to have existed, but is currently unavailable for any reason, include a statement to that effect indicating when the Document was last in Your custody or control, where the Document is currently located (and under whose custody or control), and the date and disposition of the Document.

**OBJECTION:**

8

Safeco objects to this instruction as beyond the scope of Fed. R. Civ. P. 34(a)(1)(A) and (B) to the extent that it calls for a narrative response and requires Safeco to provide "information." Rule 34 only contemplates the production of documents and electronically stored information or tangible things, and does not require the responding party to provide additional information.

23.     If You do not have all of the information that You need to make a complete response to any request, state that Your information is incomplete, provide all of the information that You have, and answer the request to the extent possible. Include an explanation as to: (a) the nature of the information or knowledge that cannot be furnished; and (b) why the remainder cannot be answered. If You have no information at all, state so.

**<u>OBJECTION:</u>**

Safeco objects to this instruction as beyond the scope of Fed. R. Civ. P. 34(a)(1)(A) and (B) because it calls for a narrative response.  Rule 34 only contemplates the production of documents and electronically stored information or tangible things, and does not require the responding party to provide additional information.

24.     Any Documents produced for inspection or copying shall be identified by the particular request for Documents to which it responds and shall be organized and labeled to correspond with the categories in these Requests.

**<u>OBJECTION:</u>**

Safeco objects to this instruction as it imposes requirements that are not contemplated by Fed. R. Civ. P. 34(b)(2)(E). Safeco will produce responsive documents as they are kept in the usual course of business, as permitted by Fed. R. Civ. P. 34(b)(2)(E). Notwithstanding this objection, and at Weissman's request, Safeco has identified documents responsive to each request by referring to the Bates Numbers of the responsive documents produced and those documents withheld as privileged or protected.

25.     These Requests shall be deemed continuing in nature so that You shall subsequently produce any additional responsive Documents should such Documents come to Your attention, rendering the earlier production incomplete.

## REQUESTS FOR PRODUCTION

1.    All Documents in Your possession, custody, or control that You relied on in making Your insurance coverage determination for the Underlying Claims based on the Knowing Violation Exclusion or Knowledge of Falsity Exclusion.

**RESPONSE**:

Safeco objects to this request to the extent it seeks materials that are protected by the work product doctrine and attorney-client privilege.   This request encompasses documents that were prepared in anticipation of litigation and attorney-client privileged communications.  The only non-privileged, non-protected materials Safeco relied upon in making its decision to defend its insured under a Reservation of Rights were Safeco policy number UF2460579 and the underlying complaint pending in the Circuit Court of the Eleventh Judicial Circuit of the State of Florida, in and for Miami-Dade County, under the caption: *James Barron and Barron Development Corp. v. Andrew Weissman*, Case No: 2017-011802-CA-01.   These documents are already in the possession of Defendant Weissman and have been produced in the materials labeled with Bates Number prefixes CF6033, CF6051 and POL.  All responsive and privileged/protected documents are specifically identified on Safeco's Amended Privilege Log labeled with Bates Number prefixes CF6033, CF6051 and POL.

2.    All Documents Relating to Communications between You and state insurance regulators relating to the adoption, interpretation or application of the Knowing Violation Exclusion or Knowledge of Falsity Exclusion with any claims for insurance coverage submitted to You by Your policyholders

**RESPONSE**:

Safeco expressly incorporates its objection to definition number two (2) as stated above. Safeco objects to this request as overbroad, unduly burdensome, not relevant within the meaning and scope of Fed. R. Civ. P. 26(b)(1) and not proportional to the needs of this case.   Communications that may have been exchanged regarding the exclusions at issue are not relevant to any issue presented in this declaratory judgment action.  The interpretation and applicability of the exclusions in the Safeco policy are questions of law that should be resolved without resort to extrinsic evidence. Without waiving these objections, there are no such documents in Safeco's possession as Safeco does not communicate with state insurance regulators regarding individual claims asserted against its policyholders.

10

3.      All Documents Relating to Communications between You and state insurance regulators relating to the adoption, interpretation or application of any other exclusion similar to the Knowing Violation Exclusion or Knowledge of Falsity Exclusion in connection with any claims for insurance coverage submitted to You by Your policyholders.

**RESPONSE**:

Safeco expressly incorporates its objection to definition number two (2) as stated above. Safeco objects to this request as vague, ambiguous, overbroad, unduly burdensome, not relevant within the meaning and scope of Fed. R. Civ. P. 26(b)(1) and not proportional to the needs of this case.  The phrase "any other exclusion similar to the Knowing Violation Exclusion or Knowledge of Falsity Exclusion" renders this request vague and ambiguous. On May 15, 2018, counsel for Safeco requested that counsel for Weissman explain what was meant by the phrase "any other exclusion similar to the Knowing Violation Exclusion or Knowledge of Falsity Exclusion", however, no additional information was provided to clarify this request. Accordingly, Safeco maintains that the request is vague and ambiguous.  The interpretation and applicability of the exclusions in the Safeco policy are questions of law that should be resolved without resort to extrinsic evidence. Without waiving these objections, there are no such documents in Safeco's possession as Safeco does not communicate with state insurance regulators regarding individual claims asserted against its policyholders.

4.      All Documents Relating to Communications between You and any insurance trade association, including, but not limited to, Alliance of American Insurers, Insurance Services Office, American Insurance Association, the Insurance Information Institute, the Insurance Rating Board, the Insurance Rating Bureau, and any of their predecessors, relating to the Knowing Violation Exclusion or Knowledge of Falsity Exclusion.

**RESPONSE**:

Safeco expressly incorporates its objection to definition number two (2) as stated above. Safeco objects to this request as overbroad, unduly burdensome, not relevant within the meaning and scope of Fed. R. Civ. P. 26(b)(1) and not proportional to the needs of this case.  This request is not appropriately limited in time or location.  This request seeks documents that may have existed at any point in time and is not limited to any

11

geographic location that is relevant to the claim at issue in this litigation.  Conducting a search to determine whether any such communications even exist would be extremely difficult, time consuming and costly, if not impossible.  The requested documents are not maintained by or on behalf of Safeco in any centralized location, nor can the documents be identified simply by conducting an electronic search.  Accordingly, a response to this request would require a manual search of an enormous quantity of materials and would require Safeco to devote significant man-power and resources to locating any potentially responsive documents that may exist.  Communications that may have been exchanged regarding the exclusions at issue are not relevant to any issue presented in this declaratory judgment action.  The interpretation and applicability of the exclusions in the Safeco policy are questions of law that should be resolved without resort to extrinsic evidence.  If the court determines that the requested materials are relevant and discoverable, and compels Safeco to produce responsive documents, Safeco has agreed to work with Weissman to develop mutually-agreeable, reasonable limitations on the scope of this request based upon time and geographic location.

5.     All Documents Relating to Communications between You and any insurance trade association, including, but not limited to, Alliance of American Insurers, Insurance Services Office, American Insurance Association, the Insurance Information Institute, the Insurance Rating Board, the Insurance Rating Bureau, and any of their predecessors, relating to any other exclusion similar to the Knowing Violation Exclusion or Knowledge of Falsity Exclusion.

**RESPONSE**:

Safeco expressly incorporates its objection to definition number two (2) as stated above. Safeco objects to this request as vague, ambiguous, overbroad, unduly burdensome, not relevant within the meaning and scope of Fed. R. Civ. P. 26(b)(1) and not proportional to the needs of this case.  The phrase "any other exclusion similar to the Knowing Violation Exclusion or Knowledge of Falsity Exclusion" renders this request so vague and ambiguous that Safeco is not able to formulate a response.  On May 15, 2018, counsel for Safeco requested that counsel for Weissman explain what was meant by the phrase "any other exclusion similar to the Knowing Violation Exclusion or Knowledge of Falsity Exclusion", however, no additional information was provided to clarify this request.  Accordingly, Safeco maintains that the request is vague and ambiguous. This request is also not appropriately limited in time or location.  This request seeks documents that may have existed at any point in time and is not limited to any geographic location that is relevant to the claim at issue in this litigation. Conducting a search to determine whether any such communications even exist would be extremely difficult, time consuming and costly, if not impossible.  The requested

documents are not maintained by or on behalf of Safeco in any centralized location, nor can the documents be identified simply by conducting an electronic search. Accordingly, a response to this request would require a manual search of an enormous quantity of materials and would require Safeco to devote significant man-power and resources to locating any potentially responsive documents that may exist. Communications that may have been exchanged regarding the exclusions at issue are not relevant to any issue presented in this declaratory judgment action.   The interpretation and applicability of the exclusions in the Safeco policy are questions of law that should be resolved without resort to extrinsic evidence.

6.      All underwriting manuals or guidelines relating to the Knowing Violation Exclusion or Knowledge of Falsity Exclusion and relating to personal umbrella coverage or personal liability coverage.

**RESPONSE**:

Safeco expressly incorporates its objection to definition number two (2) as stated above. Safeco objects to this request as overbroad, unduly burdensome, not relevant within the meaning and scope of Fed. R. Civ. P. 26(b)(1) and not proportional to the needs of this case.   This request is not appropriately limited in time or location.   This request seeks documents that may have existed at any point in time and is not limited to any geographic location that is relevant to the claim at issue in this litigation.   Any such underwriting guidelines or manuals are not relevant to any of the issues presented in this declaratory judgment action.   There has been no prima facie showing that some material provision of the Safeco policy is ambiguous.   Underwriting manuals and guidelines regarding the issuance of policies have no bearing on the interpretation of policy exclusions or the applicability of such exclusions to any particular claim.   Safeco also objects to this request because it seeks proprietary information that is protected by the trade-secret doctrine.   This information derives its value by virtue of Safeco's efforts to create it and the documents contain closely guarded secrets that are of substantial value to Safeco and would be valuable to Safeco's competitors if made public.   If the court determines that the requested materials are relevant and discoverable and compels Safeco to produce responsive documents, Safeco has agreed to work with Weissman to develop mutually-agreeable, reasonable limitations on the scope of this request based upon time and geographic location and subject to a protective order or confidentiality agreement that adequately protects them from public disclosure or use outside the context of this litigation.

7.      All underwriting manuals or guidelines relating to any other exclusion similar the Knowing Violation Exclusion or Knowledge of Falsity Exclusion and relating to personal umbrella coverage or personal liability coverage.

**RESPONSE**:

Safeco expressly incorporates its objection to definition number two (2) as stated above. Safeco objects to this request as vague, ambiguous, overbroad, unduly burdensome, not relevant within the meaning and scope of Fed. R. Civ. P. 26(b)(1) and not proportional to the needs of this case. The phrase "any other exclusion similar to the Knowing Violation Exclusion or Knowledge of Falsity Exclusion" renders this request so vague and ambiguous that Safeco is not able to formulate a response. On May 15, 2018, counsel for Safeco requested that counsel for Weissman explain what was meant by the phrase "any other exclusion similar to the Knowing Violation Exclusion or Knowledge of Falsity Exclusion", however, no additional information was provided to clarify this request. Accordingly, Safeco maintains that the request is vague and ambiguous. This request is not appropriately limited in time or location. This request seeks documents that may have existed at any point in time and is not limited to any geographic location that is relevant to the claim at issue in this litigation. Any such underwriting guidelines or manuals are not relevant to any of the issues presented in this declaratory judgment action. There has been no prima facie showing that some material provision of the Safeco policy is ambiguous. Underwriting manuals and guidelines regarding the issuance of policies have no bearing on the interpretation of policy exclusions or the applicability of such exclusions to any particular claim. Safeco also objects to this request because it seeks proprietary information that is protected by the trade-secret doctrine. This information derives its value by virtue of Safeco's efforts to create it and the documents contain closely guarded secrets that are of substantial value to Safeco and would be valuable to Safeco's competitors if made public. If the court determines that the requested materials are relevant and discoverable and compels Safeco to produce responsive documents, Safeco has agreed to work with Weissman to develop mutually-agreeable, reasonable limitations on the scope of this request based upon time and geographic location and subject to a protective order or confidentiality agreement that adequately protects them from public disclosure or use outside the context of this litigation.

8.      Any and all Documents created by You or on Your behalf that discuss, comment on, refer or relate to the meaning, application, or interpretation of the Knowing Violation Exclusion or Knowledge of Falsity Exclusion in any policy form used by You in any insurance policy You issued to any policyholder, or any draft of any such policy or portion thereof.

**RESPONSE**:

Safeco expressly incorporates its objection to definition number two (2) as stated above. Safeco objects to this request on the grounds that it seeks materials that are protected by the work product doctrine and attorney-client privilege. This request encompasses

14

documents that were prepared in anticipation of litigation and attorney-client privileged communications. This request is also overbroad, unduly burdensome, not relevant within the meaning and scope of Fed. R. Civ. P. 26(b)(1) and not proportional to the needs of this case. This request is not appropriately limited in time or location. This request seeks documents that may have existed at any point in time and is not limited to any geographic location that is relevant to the claim at issue in this litigation. Even if this request was reasonably limited in time and location, Conducting a search to locate the requested documentation would be extremely difficult, time consuming and costly, if not impossible. The requested documents are not maintained by or on behalf of Safeco in any centralized location, nor can the documents be identified simply by conducting an electronic search. Accordingly, a response to this request would require a manual search of an enormous quantity of materials and would require Safeco to devote significant man-power and resources to locating any potentially responsive documents that may exist. This request seeks documentation regarding other claims asserted against insureds who are strangers to this litigation. Such documentation is not relevant to the issues presented in this declaratory judgment action. The interpretation and applicability of the exclusions in the Safeco policy are questions of law that should be resolved without resort to extrinsic evidence. Without waiving these objections, Safeco was able to conduct a search for all documentation exchanged between Safeco and the Florida Office of Insurance Regulation regarding drafting history of the policy language at issue. Those documents have been produced and are labeled with Bates Number prefix HIST. Responsive documents related to the claim at issue in this litigation have either been produced or are specifically identified on Safeco's Amended Privilege Log with Bates Number prefixes CF6033, CF6051 and HIST.

9.      Any and all Documents created by You or on Your behalf that discuss, comment on, refer or relate to the meaning, application, or interpretation of any other exclusion similar the Knowing Violation Exclusion or Knowledge of Falsity Exclusion in any policy form used by You in any insurance policy You issued to any policyholder, or any draft of any such policy or portion thereof.

**RESPONSE**:

Safeco expressly incorporates its objection to definition number two (2) as stated above. Safeco objects to this request on the grounds that it seeks materials that are protected by the work product doctrine and attorney-client privilege. This request encompasses documents that were prepared in anticipation of litigation and attorney-client privileged communications. This request is also vague, ambiguous, overbroad, unduly burdensome, not relevant within the meaning and scope of Fed. R. Civ. P. 26(b)(1) and not proportional to the needs of this case. The phrase "any other exclusion similar to the Knowing Violation Exclusion or Knowledge of Falsity Exclusion" renders this request so vague and ambiguous that Safeco is not able to formulate a response. On May 15,

2018, counsel for Safeco requested that counsel for Weissman explain what was meant by the phrase "any other exclusion similar to the Knowing Violation Exclusion or Knowledge of Falsity Exclusion", however, no additional information was provided to clarify this request.  Accordingly, Safeco maintains that the request is vague and ambiguous. This request is not appropriately limited in time or location.  This request seeks documents that may have existed at any point in time and is not limited to any geographic location that is relevant to the claim at issue in this litigation.  Conducting a search to locate the requested documentation would be extremely difficult, time consuming and costly, if not impossible.  The requested documents are not maintained by or on behalf of Safeco in any centralized location, nor can the documents be identified simply by conducting an electronic search.  Accordingly, a response to this request would require a manual search of an enormous quantity of materials and would require Safeco to devote significant man-power and resources to locating any potentially responsive documents that may exist.  This request seeks documentation regarding other claims asserted against insureds who are strangers to this litigation and locating any potentially responsive documents would require a manual search of thousands of unrelated claim files.  Such documentation is not relevant to the issues presented in this declaratory judgment action.  The interpretation and applicability of the exclusions in the Safeco policy are questions of law that should be resolved without resort to extrinsic evidence.  Without waiving these objections, without waiving these objections, Safeco was able to conduct a search for all documentation regarding the submission of the policy form containing the exclusions at issue in this litigation to the Florida Office of Insurance Regulation.  Those documents have been produced and are identified with Bates Number prefix HIST.  Responsive documents related to the claim at issue in this litigation have either been produced or are specifically identified on Safeco's Amended Privilege Log with Bates Number prefixes CF6033, CF6051 and HIST.

10.    Any and all Documents created by You or on Your behalf that, in any way, discuss, comment on, refer or relate to the meaning, application, or interpretation of the Knowing Violation Exclusion or Knowledge of Falsity Exclusion in any insurance policy form used by You in any insurance policy You issued to any policyholder that includes the same or virtually identical language to that appearing in the policies sold by Safeco to Weissman, or any draft of any such policy or portion thereof.

**RESPONSE**:

Safeco expressly incorporates its objection to definition number two (2) as stated above. Safeco objects to this request on the grounds that it seeks materials that are protected by the work product doctrine and attorney-client privilege.  This request encompasses documents that were prepared in anticipation of litigation and attorney-client privileged

communications. This request is also overbroad, unduly burdensome, not relevant within the meaning and scope of Fed. R. Civ. P. 26(b)(1) and not proportional to the needs of this case. This request is not appropriately limited in time or location. This request seeks documents that may have existed at any point in time and is not limited to any geographic location that is relevant to the claim at issue in this litigation. Conducting a search to locate the requested documentation would be extremely difficult, time consuming and costly, if not impossible. The requested documents are not maintained by or on behalf of Safeco in any centralized location, nor can the documents be identified simply by conducting an electronic search. Accordingly, a response to this request would require a manual search of an enormous quantity of materials and would require Safeco to devote significant man-power and resources to locating any potentially responsive documents that may exist. This request seeks documentation regarding other claims asserted against insureds who are strangers to this litigation and locating any potentially responsive documents would require a manual search of thousands of unrelated claim files. Such documentation is not relevant to the issues presented in this declaratory judgment action. The interpretation and applicability of the exclusions in the Safeco policy are questions of law that should be resolved without resort to extrinsic evidence. Without waiving these objections, Safeco was able to conduct a search for all documentation exchanged between Safeco and the Florida Office of Insurance Regulation regarding the drafting history of the policy language at issue. Those documents have been produced and are labeled with Bates Number prefix HIST. Responsive documents related to the claim at issue in this litigation have either been produced or are specifically identified on Safeco's Amended Privilege Log with Bates Number prefixes CF6033, CF6051 and HIST.

11.     All home or regional office bulletins or directives pertaining to the use, pricing for and/or interpretation of the Knowing Violation Exclusion or Knowledge of Falsity Exclusion.

**RESPONSE**:

Safeco expressly incorporates its objection to definition number two (2) as stated above. This request is vague, ambiguous, not relevant within the meaning and scope of Fed. R. Civ. P. 26(b)(1) and not proportional to the needs of this case. The terms "use" and "pricing for" are vague and ambiguous in the context of this request. On May 15, 2018, counsel for Safeco requested that counsel for Weissman explain what was meant by the phrases "use of" and "pricing for" the exclusions at issue, however, no additional information was provided to clarify this request. To the extent the phrase "pricing for" means "premium for," there is no premium charge specifically associated with the policy exclusions at issue. Accordingly, Safeco maintains that the request is vague and ambiguous. This request is not appropriately limited in time or location. This request seeks documents that may have existed at any point in time and is not limited to any geographic location that is relevant to the claim at issue in this litigation. The

17

interpretation and applicability of the exclusions in the Safeco policy are questions of law that should be resolved without resort to extrinsic evidence. Safeco also objects to this request because it seeks proprietary information that is protected by the trade-secret doctrine. This information derives its value by virtue of Safeco's efforts to create it and the documents contain closely guarded secrets that are of substantial value to Safeco and would be valuable to Safeco's competitors if made public. If the court determines that the requested materials are relevant and discoverable and compels Safeco to produce responsive documents, to the extent such documents exist, Safeco has agreed to work with Weissman to develop mutually-agreeable, reasonable limitations on the scope of this request based upon time and geographic location and subject to a protective order or confidentiality agreement that adequately protects them from public disclosure or use outside the context of this litigation.

      12.     All Documents relating to Weissman.

**RESPONSE**:

Safeco objects to this request to the extent it seeks documentation that is protected by the work-product doctrine and the attorney-client privilege. This request encompasses documents that were prepared in anticipation of litigation and attorney-client privileged communications. This request also seeks claim file materials that are not relevant within the meaning and scope of Fed. R. Civ. P. 26(b)(1) and not discoverable prior to a determination of coverage under the Safeco policy. The interpretation and applicability of the exclusions in the Safeco policy are questions of law that should be resolved without resort to extrinsic evidence. Without waiving these objections, all potentially responsive documents maintained by or on behalf of Safeco are contained within its policies, claim files and underwriting file. All non-privileged/non-protected documents contained within these claim files and the underwriting file have already been produced and are labeled with Bates Number prefixes CF6033, CF6051, POL and "UW," with the exception of those documents specifically identified on Safeco's Amended Privilege Log labeled with Bates Number prefixes CF6033, CF6051, POL and "UW".

      13.     All Documents relating to the Underlying Claims.

**RESPONSE**:

Safeco objects to this request to the extent it seeks documentation that is protected by the work-product doctrine and the attorney-client privilege. This request encompasses documents that were prepared in anticipation of litigation and attorney-client privileged communications. This request also seeks claim file materials that are not relevant within the meaning and scope of Fed. R. Civ. P. 26(b)(1) and not discoverable prior to a determination of coverage under the Safeco policy. The interpretation and applicability of the exclusions in the Safeco policy are questions of law that should be resolved without resort to extrinsic evidence. Without waiving these objections, any and all potentially responsive documents maintained by or on behalf of Safeco are contained within its claim files and underwriting file. All non-privileged/non-protected documents

contained within these claim files and the underwriting file have already been produced and are labeled with Bates Number prefixes CF6033, CF6051 and "UW," with the exception of those documents specifically identified on Safeco's Amended Privilege Log labeled with Bates Number prefixes CF6033, CF6051, and "UW".

14.        All Documents relating to the Weissman Policy, including but not limited to all Documents relating to:

> a)   Your underwriting file for the Weissman Policy and any other policies You issued to Weissman;
>
> b)   The placement, issuance, underwriting, amendment, or renewal of the Weissman Policy;
>
> c)   Communications with any person relating to the Weissman Policy; or
>
> d)   Premiums or other payments made to You in consideration for the Weissman Policy, including copies of checks or entries on ledgers.

**RESPONSE**:

Safeco objects to this request on the grounds that it seeks materials that are protected by the work product doctrine and attorney-client privilege.  This request encompasses documents that were prepared in anticipation of litigation and attorney-client privileged communications.  This request also seeks claim file materials that are not relevant within the meaning and scope of Fed. R. Civ. P. 26(b)(1) and not discoverable prior to a determination of coverage under the Safeco policy.  The interpretation and applicability of the exclusions in the Safeco policy are questions of law that should be resolved without resort to extrinsic evidence.  Safeco also objects to this request because it seeks proprietary information that is protected by the trade-secret doctrine. This information derives its value by virtue of Safeco's efforts to create it and the documents contain closely guarded secrets that are of substantial value to Safeco and would be valuable to Safeco's competitors if made public.  Without waiving these objections, any and all potentially responsive documents maintained by or on behalf of Safeco are contained within its claim files and underwriting file.  All non-privileged/non-protected documents contained within these claim files and the underwriting file have already been produced and are labeled with Bates Number prefixes CF6033, CF6051, POL and "UW," with the exception of those documents specifically identified on Safeco's Amended Privilege Log labeled with Bates Number prefixes CF6033, CF6051, POL, and "UW" .

15.     All Documents relating to the Underlying Claims, including but not limited to:

    a)      Your claims file for the Underlying Claims;

    b)      Your handling, review, investigation, evaluation, adjustment, determination, decision, or treatment, in any way, of the Underlying Claims; and

    c)      Any communications by You with anyone regarding the Underlying Claims, including but not limited to any communications between or among any two or more of the following:

        i.      You;

        ii.     Weissman;

        iii.    Any insurance broker or agent;

        iv.     Any adjuster or consultant of any kind that has any dealings with the Underlying Claims;

        v.      Any expert;

        vi.     Any other person from who You have sought discovery or information;

        vii.    Any other insurer, including any insurer related to Safeco; or

        viii.   Any entity that insures or "reinsures" Safeco with respect to claims that may arise under the Weissman Policy or any other Safeco Insurance Policies.

**<u>RESPONSE</u>**:

Safeco objects to this request on the grounds that it seeks materials that are protected by the work product doctrine and attorney-client privilege.  This request encompasses documents that were prepared in anticipation of litigation and attorney-client privileged communications.  This request also seeks claim file materials that are not relevant within the meaning and scope of Fed. R. Civ. P. 26(b)(1) and not discoverable prior to a determination of coverage under the Safeco policy.  The interpretation and applicability of the exclusions in the Safeco policy are questions of law that should be resolved without resort to extrinsic evidence or opinion testimony.  Without waiving these objections, all potentially responsive documents maintained by or on behalf of Safeco are contained within its claim files and underwriting file.  All non-privileged/non-protected documents contained within these files have already been produced and are

labeled with Bates Number prefixes CF6033, CF6051 and UW with the exception of those documents specifically identified on Safeco's Amended Privilege Log labeled with Bates Number prefixes CF6033, CF6051 and UW.

       16.    All claim files and other Documents relating to instances in which You have:

        a)     Received a claim from Your policyholder arising out of a lawsuit alleging defamation, and You denied coverage for that claim based upon the Knowing Violation Exclusion or Knowledge of Falsity Exclusion;

        b)     Received a claim from Your policyholder arising out of a lawsuit alleging tortious interference, and You denied coverage for that claim based upon the Knowing Violation Exclusion or Knowledge of Falsity Exclusion;

        c)     Received a claim from Your policyholder arising out of a lawsuit alleging defamation, and You provided coverage for that claim (without a reservation of rights) and the applicable insurance policy contained the Knowing Violation Exclusion, Knowledge of Falsity Exclusion, or similar exclusion;

        d)     Received a claim from Your policyholder arising out of a lawsuit alleging tortious interference, and You provided coverage for that claim (without a reservation of rights) and the applicable insurance policy contained the Knowing Violation Exclusion, Knowledge of Falsity Exclusion, or similar exclusion;

        e)     Received a claim from Your policyholder arising out of a lawsuit alleging defamation, and You provided coverage for that claim (with a reservation of rights) and the applicable insurance policy contained the Knowing Violation Exclusion, Knowledge of Falsity Exclusion, or similar exclusion; or

        f)     Received a claim from Your policyholder arising out of a lawsuit alleging tortious interference, and You provided coverage for that claim (with a reservation of rights) and the applicable insurance policy contained the Knowing Violation Exclusion, Knowledge of Falsity Exclusion, or similar exclusion;

**RESPONSE**:

Safeco expressly incorporates its objection to definition number two (2) as stated above. Safeco objects to this request on the grounds that it seeks materials that are protected by the work product doctrine and attorney-client privilege. This request encompasses documents that were prepared in anticipation of litigation and attorney-client privileged communications. This request is also overbroad, unduly burdensome, not relevant within the meaning and scope of Fed. R. Civ. P. 26(b)(1) and not proportional to the needs of this case. This request is not appropriately limited in time or location. This request seeks documents that may have existed at any point in time and is not limited to any geographic location that is relevant to the claim at issue in this litigation. Conducting a search to locate the requested documentation would require a search of every claim file for every claim that has ever been submitted to Safeco. Such a search would be extremely difficult, time consuming and costly, if not impossible. The requested documents are not maintained by or on behalf of Safeco in any centralized location, nor can the documents be identified simply by conducting an electronic search. Accordingly, a response to this request would require a manual search of an enormous quantity of materials and would require Safeco to devote significant man-power and resources to locating any potentially responsive documents that may exist. This request seeks documentation regarding other claims asserted against insureds who are strangers to this litigation and locating any potentially responsive documents would require a manual search of thousands of unrelated claim files. Such documentation is not relevant to the issues presented in this declaratory judgment action. The interpretation and applicability of the exclusions in the Safeco policy are questions of law that should be resolved without resort to extrinsic evidence. This request also seeks confidential and/or private information about other Safeco customers who are not parties to this lawsuit, including the nature of the claims asserted against those customers and how those claims were ultimately resolved. Accordingly, Safeco objects to providing any information about any claims asserted against non-party customers absent a court order compelling the disclosure of such information and prohibiting any unauthorized use, dissemination or disclosure of that information.

17.     All Documents relating to any reserves set or recorded relating to the

Underlying Claims.

**RESPONSE**:

This request is not relevant within the meaning and scope of Fed. R. Civ. P. 26(b)(1). The insurer's reserves are irrelevant to the determination of coverage under the policy. *See ABCO Premium Fin., LLC v. Am. Int'l Group, Inc.*, 11-23020-CIV, 2012 WL 13013233, at *2 (S.D. Fla. 2012); *Viking Yacht Co. v. Affiliated FM Ins. Co.*, 2008 WL 8715540 (S.D. Fla. 2008). The reserves set for the Underlying Claims have no bearing on the interpretation and applicability of the exclusions in the Safeco policy, which are questions of law that should be resolved without resort to extrinsic evidence.

18.     All Documents received or gathered from any third-party relating to the

Underlying Claims or the Complaint in this legal action.

**RESPONSE**:

Safeco objects to this request on the grounds that it seeks materials that are protected by the work product doctrine and attorney-client privilege.  This request encompasses documents that were prepared in anticipation of litigation and attorney-client privileged communications.  This request also seeks claim file materials that are not relevant within the meaning and scope of Fed. R. Civ. P. 26(b)(1) and not discoverable prior to a determination of coverage under the Safeco policy.  The interpretation and applicability of the exclusions in the Safeco policy are questions of law that should be resolved without resort to extrinsic evidence or opinion testimony.   Without waiving these objections, any and all potentially responsive documents maintained by or on behalf of Safeco are contained within its claim files.  All non-privileged/non-protected documents contained within these claim files have already been produced and are labeled with Bates Number prefixes CF6033 and CF6051 with the exception of those documents specifically identified on Safeco's Amended Privilege Log labeled with Bates Number prefixes CF6033 and CF6051.

19.     All Documents relating to any interpretation or construction of the

language contained in the Weissman Policy, including its endorsements, to the extent

Safeco relies or relied upon such language in making Safeco's insurance coverage

determination for the Underlying Claims.

**RESPONSE**:

Safeco objects to this request to the extent it seeks materials that are protected by the work product doctrine and attorney-client privilege.   This request encompasses documents that were prepared in anticipation of litigation and attorney-client privileged communications.  The only non-privileged, non-protected materials Safeco relied upon in making its decision to defend its insured under a Reservation of Rights were Safeco policy number UF2460579 and the underlying complaint filed in lawsuit pending in the Circuit Court of the Eleventh Judicial Circuit of the State of Florida, in and for Miami-Dade County, under the caption: *James Barron and Barron Development Corp. v. Andrew Weissman*, Case No: 2017-011802-CA-01.  These documents are already in the possession of Defendant Weissman and have been produced in the materials labeled with Bates Number prefixes CF6033, CF6051 and POL.  All responsive and privileged/protected documents are specifically identified on Safeco's Amended Privilege Log labeled with Bates Number prefixes CF6033, CF6051 and POL.

20.     All Documents relating to the drafting of the language contained in the Weissman Policy to the extent Safeco relies or relied upon such language in making Safeco's insurance coverage determination for the Underlying Claims, whether originating from Safeco, other insurers, or industry organizations such as the Insurance Services Office or Property Loss Research Bureau. Such drafting history should include, but should not be limited to, the following:

       a)     The drafting history of the term "Personal injury" as defined in the Weissman Policy;

       b)     The drafting history of the Knowing Violation Exclusion;

       c)     The drafting history of the Knowledge of Falsity Exclusion.

**RESPONSE**:

Safeco objects to this request to the extent it seeks materials that are protected by the work product doctrine and attorney-client privilege.  This request encompasses documents that were prepared in anticipation of litigation and attorney-client privileged communications.  This request is also not relevant within the meaning and scope of Fed. R. Civ. P. 26(b)(1). The interpretation and applicability of the exclusions in the Safeco policy are questions of law that should be resolved without resort to extrinsic evidence.  The only non-privileged, non-protected materials Safeco relied upon in making its decision to defend its insured under a Reservation of Rights were Safeco policy number UF2460579 and the underlying complaint filed in lawsuit pending in the Circuit Court of the Eleventh Judicial Circuit of the State of Florida, in and for Miami-Dade County, under the caption: *James Barron and Barron Development Corp. v. Andrew Weissman*, Case No: 2017-011802-CA-01.  These documents are already in the possession of Defendant Weissman and have been produced in the materials labeled with Bates Number prefixes CF6033, CF6051 and POL.  All responsive and privileged/protected documents are specifically identified on Safeco's Amended Privilege Log labeled with Bates Number prefixes CF6033, CF6051 and POL.

21.     All Documents since 2013 concerning the marketing or promotion of Safeco Insurance Policies, including copies of advertisements that have run in publications such as Business Insurance.

**RESPONSE**:

Safeco expressly incorporates its objection to definition number two (2) as stated above. Safeco objects to this request as overbroad, unduly burdensome, not relevant within the meaning and scope of Fed. R. Civ. P. 26(b)(1) and not proportional to the needs of this case.  This request is not appropriately limited to documents concerning any particular type of coverage, policy language, or geographical location relevant to the claims at issue in this litigation.  The interpretation and applicability of the exclusions in the Safeco policy are questions of law that should be resolved without resort to extrinsic evidence.  Safeco also objects to this request because it seeks proprietary information that is protected by the trade-secret doctrine. Documents relating to its marketing and promotional strategies are closely guarded secrets that are of substantial value to Safeco and would be valuable to Safeco's competitors.  This information derives its value by virtue of Safeco's efforts to create it.  If the court determines that the requested materials are relevant and discoverable and compels Safeco to produce responsive documents, Safeco has agreed to work with Weissman to develop mutually-agreeable, reasonable limitations on the scope of this request based upon time and geographic location and subject to a protective order or confidentiality agreement that adequately protects them from public disclosure or use outside the context of this litigation.

22.     All Documents that You have relied on or will rely on to rebut, controvert,

or otherwise disprove, any affirmative defenses contained in Weissman's Answer to the

Complaint in this action.

**RESPONSE**:

Safeco intends to rely upon Safeco policy number UF2460579, its reservation of rights letter, the Complaint in the Underlying Suit and any testimony or evidence that may be entered in the record in the Underlying Suit.  All responsive documents maintained by or on behalf of Safeco have been produced in the materials labeled with Bates Number prefixes CF6033, CF6051 and POL.  Safeco reserves the right to supplement its response to this request as necessary as this litigation progresses.

23.     All Documents relating to any insurance claims You have submitted to

Your own insurance carriers or reinsurers relating to any damages or losses incurred by

You arising out of the Underlying Claims.

**RESPONSE**:

Safeco objects to this request as overbroad and not relevant within the meaning and scope of Fed. R. Civ. P. 26(b)(1).  Documents relating to reinsurance for the claims at issue are not relevant to the issue of whether coverage exists under the policy. *Royal Bahamian Ass'n, Inc. v. QBE Ins. Corp.*, 268 F.R.D. 692, 695 (S.D. Fla. 2010).  The

interpretation and applicability of the exclusions in the Safeco policy are questions of law that should be resolved without resort to extrinsic evidence or opinion testimony. Safeco also objects to this request because it seeks proprietary information that is protected by the trade-secret doctrine.

24.     All expert reports or materials prepared for You that relate to the

Underlying Claims, whether prepared as part of the adjustment process or for litigation,

and whether in draft or final form.

**RESPONSE**:

No such reports or materials are in Safeco's possession at the present time.

25.     All Documents relied upon by any of Your experts or consultants, whether

those experts or consultants were hired by You or Your agents (such as Your insurance

adjuster), or whether the experts or consultants were hired for purposes of adjustment

or litigation.

**RESPONSE**:

Safeco originally objected to this request on the grounds that it was vague and ambiguous because Safeco could not determine whether the request was seeking documentation related to the instant action or the underlying lawsuit filed against Weissman.  On May 15, 2018, counsel for Weissman clarified that this request seeks documentation related to both actions.  Accordingly, Safeco withdraws it prior objection and states the following:  no such documents exist.


26.     Any Document preservation, retention, or destruction policies that You

have had in place since 2013, including relating to the Underlying Claims.

**RESPONSE**:

Safeco expressly incorporates its objection to definition number two (2) as stated above. Safeco objects to this request as overbroad, not relevant within the meaning and scope of Fed. R. Civ. P. 26(b)(1) and not proportional to the needs of this case.  Safeco's document preservation, retention and/or destruction policies are not relevant to any issue, claim or defense asserted in this litigation. The interpretation and applicability of the exclusions in the Safeco policy are questions of law that should be resolved without resort to extrinsic evidence.  Therefore, any information regarding the preservation,

retention or destruction of extrinsic evidence is wholly irrelevant. This request also seeks documentation that is protected by the trade secret doctrine. Documents relating to Safeco's policies concerning document preservation, retention or destruction are closely guarded secrets that are of substantial value to Safeco and would be valuable to Safeco's competitors if made public. This information derives its value by virtue of Safeco's efforts to create it. If the court determines that these materials are relevant and discoverable, Safeco will produce responsive materials subject to the entry of a protective order or confidentiality agreement that adequately protects them from public disclosure or use outside the context of this litigation.

27.   A complete copy of any and all insurance policies issued to Weissman by

Safeco.

**RESPONSE**:

A certified copy of Safeco policy number UF2460579 has already been produced and is identified with Bates Number prefix POL. Safeco will produce copies of any other policies issued to Weissman.

28.   All applications for insurance submitted by, for, or on behalf of Weissman

to Safeco.

**RESPONSE**:

Weissman's application for insurance has already been produced and is contained within the documents labeled with Bates Number prefix "UW."

29.   All communications between Weissman (including any agent, insurance

agent, insurance broker, or attorney) and Safeco (including any employee, agent,

attorney, or affiliate thereof) that relate to the Weissman Policy.

**RESPONSE**:

All potentially responsive documents maintained by or on behalf of Safeco are contained within its claim files and underwriting file. All non-privileged/non-protected documents contained within these claim files and the underwriting file have already been produced and are labeled with Bates Number prefixes CF6033, CF6051 and UW.

30.   All communications between Weissman (including any agent, insurance

agent, insurance broker, or attorney) and Safeco (including any employee, agent,

attorney, or affiliate thereof) that relate to the Underlying Claims.

**RESPONSE**:

All potentially responsive documents maintained by or on behalf of Safeco are contained within its claim files and underwriting file. All non-privileged/non-protected documents contained within these claim files and the underwriting file have already been produced and are labeled with Bates Number prefixes CF6033, CF6051 and UW.

31.    All communications between Weissman (including any agent, insurance agent, insurance broker, or attorney) and Safeco (including any employee, agent, attorney, or affiliate thereof) that relate to the Knowing Violation Exclusion or Knowledge of Falsity Exclusion.

**RESPONSE**:

All potentially responsive documents maintained by or on behalf of Safeco are contained within its claim files. All non-privileged/non-protected documents contained within these claim files and the underwriting file have already been produced and are labeled with Bates Number prefixes CF6033 and CF6051.

32.    All communications between any insurance agent or insurance broker and Safeco (including any employee, agent, attorney, or affiliate thereof) that relate to the Weissman Policy.

**RESPONSE**:

All potentially responsive documents maintained by or on behalf of Safeco are contained within its claim files and underwriting file. All non-privileged/non-protected documents contained within these claim files and the underwriting file have already been produced and are labeled with Bates Number prefixes CF6033, CF6051 and UW.

33.    All communications between any insurance agent or insurance broker and Safeco (including any employee, agent, attorney, or affiliate thereof) that relate to the Underlying Claims.

**RESPONSE**:

28

All potentially responsive documents maintained by or on behalf of Safeco are contained within its claim files and underwriting file.  All non-privileged/non-protected documents contained within these claim files and the underwriting file have already been produced and are labeled with Bates Number prefixes CF6033, CF6051 and UW.

      34.     All communications between any insurance agent or insurance broker and

Safeco (including any employee, agent, attorney, or affiliate thereof) that relate to

Weissman.

**<u>RESPONSE</u>**:

 All potentially responsive documents maintained by or on behalf of Safeco are contained within its claim files and underwriting file.  All non-privileged/non-protected documents contained within these claim files and the underwriting file have already been produced and are labeled with Bates Number prefixes CF6033, CF6051 and UW.

      35.     All communications since 2013 from Safeco (or any employee, agent,

attorney, or affiliate thereof) disclosing the existence or limits of personal liability

coverage under any insurance policy issued to Weissman, made to any person claiming

personal liability coverage under such policy or to his or her representative.

**<u>RESPONSE</u>**:

All potentially responsive documents related to the claim at issue in this litigation maintained by or on behalf of Safeco are contained within its claim files.  All non-privileged/non-protected documents contained within these claim files have already been produced and are labeled with Bates Number prefixes CF6033 and CF6051.  No other responsive documents exist.

      36.     The organization of Safeco's claims department, both in general and in the

unit(s) responsible for processing the claim at issue in this action.

**<u>RESPONSE</u>**:

Safeco expressly incorporates its objection to definition number two (2) as stated above. Safeco originally objected to this request on the grounds that it is vague, ambiguous and seeks a narrative response, which is not contemplated by Rule 34.  On May 15, 2018, counsel for Weissman clarified that Plaintiff is seeking "*documents relating to* the

organization of Safeco's claims department."   Accordingly, Safeco withdraws its objection relating to Weissman's request for a narrative response.  Safeco maintains its objection that this request is so vague and ambiguous that Safeco cannot formulate an appropriate response.  Safeco sought clarification regarding the phrase "documentation relating to the organization of Safeco's claims department," which appears to encompass personnel records. Weissman confirmed that this request is not limited to documents establishing the structure and/or hierarchy of the claims department, but also includes any documents "related to" the organization of this department. Therefore, in addition to the previously asserted objections, Safeco objects to this request as overbroad, unduly burdensome, not relevant within the meaning and scope of Fed. R. Civ. P. 26(b)(1) and not proportional to the needs of this case.   The organization of Safeco's claims department has no bearing on whether the policy issued to Weissman provides coverage for the claims asserted in the underlying litigation.  The interpretation and applicability of the exclusions in the Safeco policy are questions of law that should be resolved without resort to extrinsic evidence.  This request is not appropriately limited in time and geographical scope.   Safeco also objects to this request because it seeks proprietary information that is protected by the trade-secret doctrine.  Documents relating to Safeco's personnel records and corporate organization and structure are closely guarded secrets that are of substantial value to Safeco and would be valuable to Safeco's competitors if made public.  This information derives its value by virtue of Safeco's efforts to create it.   To the extent this request seeks personnel records containing private information about employees, Safeco is obligated to protect such information from disclosure to third parties.  If the court determines that the requested materials are relevant and discoverable and compels Safeco to produce responsive documents, Safeco has agreed to work with Weissman to develop mutually-agreeable, reasonable limitations on the scope of this request based upon time and geographic location and subject to a protective order or confidentiality agreement that adequately protects them from public disclosure or use outside the context of this litigation.

37.    The organization of Safeco's underwriting department, both in general and

in the unit(s) responsible for processing the claim at issue in this action.

**RESPONSE**:

Safeco expressly incorporates its objection to definition number two (2) as stated above. Safeco originally objected to this request on the grounds that it is vague, ambiguous and seeks a narrative response, which is not contemplated by Rule 34.  On May 15, 2018, counsel for Weissman clarified that Plaintiff is seeking "*documents relating to* the organization of Safeco's underwriting department."  Accordingly, Safeco withdraws its objection relating to Weissman's request for a narrative response.  Safeco maintains its objection that this request is so vague and ambiguous that Safeco cannot formulate an appropriate response.  Safeco sought clarification regarding the phrase "documentation relating to the organization of Safeco's underwriting department," which appears to encompass personnel records. Weissman confirmed that this request is not limited to

documents establishing the structure and/or hierarchy of the underwriting department, but also includes any documents "related to" the organization of this department. Therefore, in addition to the previously asserted objections, Safeco objects to this request as overbroad, unduly burdensome, not relevant within the meaning and scope of Fed. R. Civ. P. 26(b)(1) and not proportional to the needs of this case.  The organization of Safeco's underwriting department has no bearing on whether the policy issued to Weissman provides coverage for the claims asserted in the underlying litigation.  The interpretation and applicability of the exclusions in the Safeco policy are questions of law that should be resolved without resort to extrinsic evidence.  This request is not appropriately limited in time and geographical scope.  Safeco also objects to this request because it seeks proprietary information that is protected by the trade-secret doctrine.  Documents relating to Safeco's personnel records and corporate organization and structure are closely guarded secrets that are of substantial value to Safeco and would be valuable to Safeco's competitors if made public.  This information derives its value by virtue of Safeco's efforts to create it.  To the extent this request seeks personnel records containing private information about employees, Safeco is obligated to protect such information from disclosure to third parties.  If the court determines that the requested materials are relevant and discoverable and compels Safeco to produce responsive documents, Safeco has agreed to work with Weissman to develop mutually-agreeable, reasonable limitations on the scope of this request based upon time and geographic location and subject to a protective order or confidentiality agreement that adequately protects them from public disclosure or use outside the context of this litigation.

BUTLER WEIHMULLER KATZ CRAIG LLP

/s/ Kimberly Ramey
KIMBERLY N. RAMEY, ESQ.
Florida Bar No.:  0044033
kramey@butler.legal
JESSICA R. STILLWELL, ESQ.
Florida Bar No.:  119613
jstillwell@butler.legal
400 N. Ashley Drive, Suite 2300
Tampa, Florida  33602
Telephone:   (813) 281-1900
Facsimile:   (813) 281-0900
Attorneys for Plaintiff, Safeco Insurance
Company of America

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served via electronic mail on May 17, 2018, on all counsel of record.

/s/ Kimberly Ramey
KIMBERLY N. RAMEY, ESQ.