UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 0:17-cv-62032

SAFECO INSURANCE COMPANY,

        Plaintiff,

v.

ANDREW WEISSMAN and JAMES BARRON
and BARRON DEVELOPMENT
CORPORATION,

        Defendants.
_____/

## RESPONSE TO DEFENDANT'S MOTION TO COMPEL

Plaintiff, Safeco Insurance Company of America ("Safeco") and responds to Defendant Andrew Weissman's Motion to Compel [D.E. 53] as follows:

***Waiver of Objections (RFP #2-5, 7-10, 12-13, 16, 20, 36, 37):*** Safeco's initial Objections (Exhibit 1) were timely. Safeco provided additional information in support of its position but did not raise any new objections to RFP #4-5, 7-10, or 12-13 in its Responses (Exhibit 2) or Amended Responses (Exhibit 3). The additional objections raised in Safeco's Responses to RFP #16 and 20 to address the overbroad and burdensome nature of those requests should not be deemed waived because Weissman suffered no prejudice as a result of the one (1) day delay in asserting those objections.[1] Safeco's additional objections to RFP #36 and 37 should not be deemed waived because those objections were timely asserted in Safeco's Amended Responses, which were promptly served after the parties conferred and Weissman attempted to amend the requests to address the ambiguities that previously left Safeco unable to respond.[2]

***Interpretive Materials, Drafting History and Communications with Trade Associations/Regulators, Marketing/Promotional Materials (RFP # 2-5, 8-11, 19, 20, 21)***: An unambiguous insurance contract should be construed according to its plain terms, without

---

[1] *Walinbay S.A. v. Fresh Results, LLC*, 13-CIV-60844, 2014 WL 1267170, at *2 (S.D. Fla. Feb. 26, 2014) (waiver of objections due to a one business-day delay, without evidence of prejudice, would elevate form over substance); *Wells Fargo Bank, N.A. v. Hazzan*, 12-20154, 2012 WL 13014695, at *1 (S.D. Fla. July 17, 2012). "[T]he Court retains discretion to decline to compel production of requested documents when the request far exceeds the bounds of fair discovery, even if a timely objection has not been made."

[2] *Rosenbaum v. Becker & Poliakoff, P.A.*, 708 F. Supp. 2d 1304 (S.D. Fla. 2010) (objections not waived when raised promptly once the opposing party explained the meaning of an ambiguous term used in the requests).

reliance on extrinsic evidence.[3] Extrinsic evidence may be used to determine the intent of the parties only when a latent ambiguity exists.[4] If a policy provision is unambiguous, the court cannot indulge in construction or interpretation of its plain meaning by reference to extrinsic evidence, and should simply enforce it according to its terms.[5] Weissman does not explain how or why the discovery he is seeking is needed to resolve any ambiguity in the Safeco policy or to otherwise address the duty to defend issue raised in Safeco's Complaint and or in Safeco's motion for summary judgment.[6] An insurer's interpretation of its policies, drafting history, etc. is not relevant.[7] These requests are also overbroad, unduly burdensome and not proportionate to the needs of the case as outlined in the affidavit attached as Exhibit 4.

***Underwriting Manuals/Guidelines, Claim File, Underwriting File (RFP #6, 7, 14, 15)*:** Regarding RFP #14 and 15, Safeco produced all non-privileged portions of its underwriting file and its claim file. Regarding RFP #6 and 7, an insurer's underwriting guidelines are not relevant to a determination of coverage.[8] The use of the phrase "any other exclusion similar to" renders RFP #6 and 7 ambiguous and requires Safeco to speculate as to what is intended.

***Other Claims and Other Policyholders (RFP #8-10 and 16)*:** For the reasons stated above, this information is not discoverable. These requests are also overbroad, unduly burdensome and not proportionate to the needs of the case as outlined in the affidavit attached as Exhibit 4.

***Information regarding Reinsurance and Reserves (RFP #15, 17, 23)*:** Documents relating to reinsurance and reserves are not relevant or discoverable in an insurance coverage action.[9]

***Organizational Information/Document Retention (RFP 26, 36, 37)*:** These requests not appropriately limited in scope and Weissman does not explain how they are relevant to this case.

---

[3] *Diamond State Ins. Co. v. His House, Inc*., 2011 WL 146837 at *2 (S.D. Fla. 2011).
[4] *Office Depot, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 734 F. Supp. 2d 1304, 1315 (S.D. Fla. 2010), aff'd sub nom. 453 Fed. Appx. 871 (11th Cir. 2011)
[5] *Sporting Products, LLC v. Pac. Ins. Co., Ltd*., 10-80656-CIV, 2012 WL 13018367, at *8 (S.D. Fla. Jan. 6, 2012)
[6] Safeco's motion for summary judgment on the sole issue presented in this case (Safeco's duty to defend) was filed on March 13, 2018 [D.E. 39]. Weissman's motion to defer consideration remains outstanding [D.E.41].
[7] *Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Fla. Crystals Corp*., No. 14-CV-81134, 2016 WL 7542091, at *3 (S.D. Fla. Apr. 12, 2016) (testimony regarding policy interpretation is not relevant); *Am. Home Assurance Co. v. Arrow Terminals, Inc*., 811CV01278T30AEP, 2013 WL 12157428, at *3 (M.D. Fla. Jan. 17, 2013) (denying motion to compel discovery related to policy interpretation as irrelevant in a declaratory judgment action regarding the insurer's duty to defend and indemnify); *Medmarc Cas. Ins. Co. v. Ventura*, 07-23300-CIV, 2008 WL 4371311, at *3 (S.D. Fla. Sept. 19, 2008) (insurer's interpretation of disputed policy language in the past is irrelevant); *Kennedy v. Provident Life & Acc. Ins. Co.*, No. 0781218CIV, 2009 WL 3048683 at * 2 (S.D. Fla. Sept. 18, 2009) (insurer's claims handling and general business practices are irrelevant to the issue of coverage).
[8] *See Milinazzo v. State Farm Ins. Co.*, 247 F.R.D. 691, 702 (S.D. Fla. 2007); *Medmarc*, 2008 WL 4371311 at *3.
[9] *Royal Bahamian Ass'n, Inc. v. QBE Ins. Corp*., 268 F.R.D. 692 (S.D. Fla. 2010) (reinsurance); *ABCO Premium Fin., LLC v. Am. Int'l Group, Inc*., 2012 WL 13013233, at *2 (S.D. Fla. May 9, 2012) (reserves).

***Vague, Overly Broad, Unduly Burdensome, Not Proportional to Needs of Case, Trade Secret (RFP #2-11, 14, 16, 21, 23, 26, 36, 37) and Scope (RFP #4-11, 16, 21, 36, 37):*** The factual basis for each of Safeco's objections is specifically stated in its Amended Responses and the affidavit attached as Exhibit 4. Searching for and producing the requested documentation would put a burden on Safeco that is completely disproportionate to the needs of this case, particularly when Weissman has not offered any explanation as to how the requested documentation is relevant to the coverage issues presented in this case.

***Objections Followed by an Answer:*** Weissman suggest that Safeco cannot object to a request in part while also explaining the factual basis for its objection and agreeing to produce certain responsive, non-privileged materials that can be located without an undue burden. Safeco does not interpret the Court's discovery order or Local Rule 26 to prohibit a response or the partial production of documents whenever a request is objectionable in part. Such an interpretation would encourage the withholding of documents and would generate needless discovery disputes.

***Privilege Log and Waiver of Attorney Client/Work Product:*** As explained in Safeco's Amended Responses and Exhibit 4, Liberty Mutual Insurance Company provides its affiliates and subsidiaries, including Safeco, with personnel, claim handling services and record maintenance services. In the insurance industry, these services are regularly provided to insurers by individuals who are not direct employees of the underwriting company, including outside adjusters and third party claim administrators. The involvement of these other individual/entities, acting as authorized agents of the insurer, does not result in a waiver of privilege.[10] Safeco has not objected to producing any materials related to the claim at issue in this case that may be in the possession of LMIC. However, pursuant to Definition #2 of Weissman's Requests, Weissman is also seeking materials regarding *other* claims in the possession of *all* LMIC affiliate or subsidiary underwriting companies, which renders the requests overbroad and unduly burdensome as described in Exhibit 4.  Safeco objects to producing any materials that are maintained by or on behalf of any non-party affiliate or subsidiary of LMIC other than Safeco.

Wherefore, Safeco respectfully requests that this Court deny Weissman's motion to compel and grant such further relief as deemed just and proper, including allowing further briefing of the objections raised by Safeco as this Court deems appropriate.

---

[10] *See, e.g., Royal Bahamian Ass'n, Inc. v. QBE Ins. Corp,* 2010 WL 3637958, at *4 (S.D. Fla. Sept. 20, 2010) (communications between insurer's attorney and third-party field adjuster remain privileged).

                        BUTLER WEIHMULLER KATZ CRAIG LLP

                        s/Kimberly N. Ramey
                        KIMBERLY N. RAMEY, ESQ.
                        Florida Bar No.:  0044033
                        kramey@butler.legal
                        JESSICA STILLWELL, ESQ.
                        Florida Bar No.:  119613
                        jstillwell@butler.legal
                        Secondary:
                        400 N. Ashley Drive, Suite 2300
                        Tampa, Florida  33602
                        Telephone:     (813) 281-1900
                        Facsimile:      (813) 281-0900
                        *Attorneys for Plaintiff, Safeco Insurance Company of America*

## **CERTIFICATE OF SERVICE**

I certify that a copy hereof has been furnished to:

    Andrew M. Shapiro, Esq.
    Shapiro, P.A.
    19 West Flagler Street, Suite 516
    Miami, FL  33130-4403
    ams@shapiropa.com
    Attorneys For:  Andrew Weissman

by CM-ECF on June 27, 2018.

                        s/Kimberly N. Ramey
                        KIMBERLY N. RAMEY, ESQ.